466 P.2d 834

STATE of Utah, Plaintiff and Respondent,

v.

Jesse Junior GILPIN, Defendant
and Appellant.

No. 11786.

Supreme Court of Utah.

March 20, 1970.

Salt Lake Legal Defender Association, Jay V. Barney, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Chief Asst. Atty. Gen., R. Bruce Bybee, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice.

Defendant was found guilty of the offense of robbery in the District Court of Salt Lake County and has appealed to this court seeking a reversal of that conviction.

On September 27, 1968, at approximately 9:00 o'clock p. m., two young men entered the International House of Pancakes at 141 East Broadway, Salt Lake City, Utah, where they ordered coffee. It was served by Judy Mitchell and thereafter they remained at the restaurant for approximately 30 minutes. Upon leaving, the two men approached the cash register where the taller of the two produced a gun, and his companion extracted the sum of approximately $470 from the till. During these events Barbara Hom, an employee of the restaurant, was at the cash register. After taking the money the two men backed out of the restaurant and fled the premises.

Approximately four weeks after the robbery Mrs. Mitchell was riding to her home with a deputy sheriff of Salt Lake County in the officer's automobile. As they passed a drive-in restaurant in the vicinity of Highland Drive and 33d South Street two men were standing in the street. Mrs. Mitchell thought she recognized one of the men as one of the individuals who had held up the Pancake House. Mrs. Mitchell stated that fact to the officer and he turned the automobile around and returned to the place where the two men were standing. One of the men was the defendant. The officer called the defendant by name and spoke to him without getting out of the automobile. With the further observation and after hearing the defendant's voice, Mrs. Mitchell concluded that the defendant was one of the individuals involved in the robbery.

On December 13, 1968, Barbara Hom was at the Salt Lake City Police Station to view a lineup in connection with the robbery. She was unable to make an identification at that time, but she was taken to the courtroom of the District Court where the defendant was on trial for another offense. The officer instructed her to enter the courtroom and to look for anyone familiar. At the time the defendant was on the witness stand. Miss Hom was of the opinion that the defendant bore a resemblance to one of the men who had committed the robbery. At a later time in connection with the preliminary hearing, Miss Hom again observed the defendant, and after seeing him walk from the courtroom, recognized him as one of the men who participated in the robbery.

Prior to trial the defendant had given notice that he would rely on an alibi and that he was at the home of an aunt in Salt Lake City during the time of the robbery, and that later he was in Midvale, Utah. Various witnesses and the defendant testified as to his presence at his aunt's home in Salt Lake City. There was also testimony that the defendant was in Midvale later that same evening, where he became involved in a fight, and that he was arrested as a result of his participation in the affray.

■■ The defendant is here seeking a reversal of his conviction upon two grounds. The defendant first claims that the trial court erred in permitting the in-court identification of the defendant by the State's witnesses and without notice to the defendant, and without regard to his right to be represented by counsel at out-of-court confrontation between the witnesses and the defendant. With respect to this claim of error the record indicates that the witness, Judy Mitchell, first recognized the defendant resembling one of the robbers from a passing automobile, and there is nothing to indicate that this confrontation was arranged by the officer or that he was aware that the witness would recognize the defendant. The other State witness, Barbara Hom, first confronted the defendant after the robbery in question at the courtroom where the defendant was on trial for a separate offense. The witness was of the opinion at that time that the defendant resembled one of the robbers but she was not convinced as to the defendant's identification as being one of the robbers until the time of the preliminary hearing, when she was able to further observe the defendant. On neither occasion was the witness informed that the defendant was one of those suspected in the robbery, nor was any suggestion made by the officers which might influence her identification of the defendant. We are of the opinion that the identifications of the defendant by the witnesses prior to the trial, and the circumstances surrounding the confrontations were not suggestive as to the defendant's identity as a participant in the robbery, and we do not conclude that they were made under conditions of unfairness or unreliability.[1]

■ As a second ground for reversal, the defendant claims that the court unduly restricted him in presenting his testimony concerning his claimed alibi. While it is true that the court did restrict some of the witnesses for the defendant in respect to the fight which occurred at Midvale in which the defendant was involved, it would seem that the basis of the court's rulings were that testimony concerning the defendant's participation in the fight might tend

---

1. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Proctor v. State, 223 Md. 394, 164 A.2d 708.

to prejudice the jury against him. The record also indicates that defense counsel was also concerned with the effect evidence of the fight might have upon the jury. An examination of the record indicates that witnesses called by the defendant in fact testified as to his presence at his aunt's home in Salt Lake City at the time of the robbery, and there was also testimony that on the evening in question he engaged in a fight for which he was arrested.

We find no errors requiring a reversal. The judgment of the court below is affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.